UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VONZELL JOHNSON JR. (#91206)

VERSUS                                          CIVIL ACTION

MARK CASHION, ET AL                             NUMBER 07-930-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 26, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE


UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VONZELL JOHNSON JR. (#91206)

VERSUS                                                  CIVIL ACTION

MARK CASHION, ET AL                                     NUMBER 07-930-RET-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se petitioner Vonzell Johnson Jr., an inmate currently confined in the Arkansas Department of Corrections - Delta Regional Unit, Dermott, Arkansas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Arkansas. Because the petitioner challenged the issuance of a detainer by the Louisiana Parole Board and his underlying 1989 Jackson Parish, Louisiana murder conviction, the Eastern District of Arkansas transferred the case to the Middle District of Louisiana on December 10, 2007.

On December 11, 2007, the petitioner was notified that he must file his habeas corpus application on approved forms and to include information regarding any appeal, habeas corpus or post-conviction relief sought in state court.[1]

Petitioner responded to the deficiency notice by filing a

---

[1] Record document number 38.

reply brief.[2]  Petitioner argued that there has been no Judgment of Conviction entered against him in Jackson Parish, Louisiana, and conceded that he did not appeal or seek post-conviction relief regarding his 1989 murder conviction.[3]

### Background

Petitioner was charged with first degree murder after being extradicted to Louisiana from Texas.  While the murder charge was pending in Louisiana, the petitioner was extradicted to Pulaski County, Arkansas, where the petitioner entered a guilty plea to a capital murder charge there.  On June 20, 1989, Jackson Parish, Louisiana lodged a detainer against the petitioner with authorities in Arkansas.  Petitioner was returned to Louisiana, and on September 5, 1989, the petitioner pled guilty to first degree murder, without capital punishment, in Jackson Parish.  Petitioner was sentenced to a term of life imprisonment, the sentence to be served concurrently with the life sentence imposed in the State of Arkansas.  Petitioner was then returned to Arkansas.

The detainer issued by Jackson Parish, Louisiana remained on the petitioner's inmate records until it was replaced by one issued by the Louisiana Department of Corrections on August 10, 2007.  The Louisiana Department of Corrections adopted the original detainer date of June 20, 1989.

---

[2] Record document number 40.

[3] *Id.*

**Procedural History**

In a letter dated December 2, 2005 to the Louisiana trial court, the petitioner requested that the Louisiana detainer be removed. The letter was treated as a motion and was filed on December 3, 2005. The trial court denied the motion on January 9, 2006. Petitioner filed a notice of appeal which was denied by the trial court on February 9, 2006 on the grounds that it was not the proper remedy for review of the court's ruling.

On September 19, 2005, the petitioner filed a petition for leave to file a motion for clarification or verification of judgment and commitment order and guilty plea. Because the petitioner failed to attach an order to the motion, no ruling was issued.

On August 10, 2006, the petitioner filed an application for post-conviction relief in the trial court.[4] Petitioner sought to withdraw his guilty plea and have the detainer removed. On August 21, 2006, the trial court denied relief. On September 16, 2006, the petitioner sought review by the Second Circuit Court of Appeal. On January 25, 2007, the Second Circuit Court of Appeal denied review on the grounds that the application, which challenged the petitioner's 1989 guilty plea, was untimely pursuant to LSA-C.Cr.P. art. 930.8. *State of Louisiana v. Vonzell Johnson Jr.*, 42153-KH

---

[4]The petitioner titled his application "Motion to Extinguish Sentence for Lack of Process or Judgment."

(La. App. 2d Cir. 1/25/07).  Petitioner did not seek review by the Louisiana Supreme Court.

## Federal Habeas Corpus Application

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Arkansas.  The court construed the application as one brought pursuant to 28 U.S.C. § 2254.[5]

Petitioner asserted the following grounds for relief: (1) Louisiana was without authority to issue a detainer because no judgment of conviction was entered by the trial court; (2) his 1989 guilty plea was not knowing and voluntary; (3) he was not allowed to present mitigating facts prior to sentencing; (4) he received ineffective assistance of counsel; (5) his court-appointed attorney had a conflict of interest because he represented the petitioner's co-defendants; (6) he was denied a speedy trial because the non-completion of the judicial process has deprived him of any appeal and post-conviction proceedings; (7) prosecutorial misconduct; (8) exculpatory evidence was withheld in violation of *Brady v. Maryland*; and (9) the sentencing judge failed to specify the date from which the petitioner's sentence was to begin.

No evidentiary hearing is required.  Petitioner has failed to exhaust available habeas corpus remedies.

---

[5] Record document number 3.

**Applicable Law**

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C.§ 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).  Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to its invocation. *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).

**Conclusion**

It is clear from the record that the petitioner failed to exhaust available state remedies regarding the claim related to the issuance of the detainer.  This claim was not presented to the Louisiana Supreme Court.  Therefore, the petitioner's claims related to the issuance of the detainer should be dismissed without prejudice for failure to exhaust available state remedies.

The claims alleged in grounds for relief (2) through (9) of

5

the petitioner's federal habeas corpus application, if proven, would entitle him to relief pursuant to 28 U.S.C. § 2254. This court does not have subject matter jurisdiction over these claims because the petitioner was not convicted in this district nor is he incarcerated in this district. 28 U.S.C. § 2241(d).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed, without prejudice, for failure to exhaust state remedies. It is further recommended that, insofar as the petitioner asserted claims for relief cognizable under 28 U.S.C. § 2254, the petition be dismissed for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, January 26, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE